**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONALD R. ALEXANDER,

                Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

                Defendant.

Case No.: 2:23-cv-02078-GMN-DJA

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 7), filed by the United States of America.[1]  Plaintiff Donald R. Alexander filed a Response, (ECF No. 9), and the United States filed a Reply, (ECF No. 10).

Because the Court does not have subject matter jurisdiction over this case, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.      BACKGROUND**

Plaintiff brought this action against the Internal Revenue Service ("IRS") to recover previously paid income tax liability that originated from his 2019 income tax return. (*See generally* Compl., ECF No. 1).  He asserts that the IRS disallowed deductions on his 2019 tax return that he was entitled to. (*Id.* at 4).  He seeks $3,106.99, as well as his filing fee and interest in damages. (*Id.*).  The United States moves to dismiss the Complaint for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process. (*See generally* Mot. Dismiss, ECF No. 7).

---

[1] Plaintiff brought this action against the Internal Revenue Service, but any lawsuit against an agency of the United States is considered an action against the United States. *Balser v. DOJ*, 327 F.3d 903, 907 (9th Cir. 2003). The Court therefore substitutes the United States for the IRS as the proper party defendant.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).  Federal Rule of Civil Procedure (FRCP) 12(b)(1) authorizes federal courts to dismiss a complaint for want of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting federal jurisdiction has the burden of establishing all its requirements, and a court presumes that it lacks subject matter jurisdiction until it is established by the plaintiff. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A jurisdictional challenge under FRCP 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  By contrast, a "factual challenge 'rel[ies] on affidavits or any other evidence properly before the court to contest the truth of the complaint's allegations." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014) (citation omitted).

When a challenger relies on extrinsic evidence, as the United States does here, Plaintiffs must respond by presenting "affidavits or any other evidence necessary to satisfy [their] burden of establishing that the court, in fact, possess subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).  "The district court may look beyond the pleadings to the parties' evidence without converting the motion to dismiss into one for summary judgment." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016).  "In evaluating the evidence, the court 'need not presume the truthfulness of the plaintiffs' allegations.'" *Id.* (citation omitted).  "Any factual disputes, however, must be resolved in favor of Plaintiffs." *Id.*  Additionally, "[w]here jurisdiction is intertwined with the merits, [courts]

must 'assume the truth of the allegations in a complaint . . . unless controverted by undisputed facts in the record.'" *Warren*, 328 F.3d at 1139.

### III.    DISCUSSION

The United States is immune from suit unless it expressly consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "In an action against the United States, in addition to the statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity." *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991). "The Supreme Court has 'frequently held . . . that a waiver of sovereign immunity is to be strictly construed . . . in favor of the sovereign.'" *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)). Without that waiver, the case must be dismissed because the federal court lacks subject matter jurisdiction. *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 489 (1983) ("If one of the specified exceptions to sovereign immunity" does not apply, "federal courts lack subject matter jurisdiction.").

Plaintiff seeks damages for the violation he alleges against the IRS. The United States argues that the Internal Revenue Code provides taxpayers with specific statutory remedies to challenge perceived erroneous or illegal assessment or collection practices. (Mot. Dismiss 5:8–10) (citing 26. U.S.C. §§ 7422, 7432, and 7433). Those provisions, the United States asserts, allow for a waiver of sovereign immunity if a taxpayer first exhausts specific administrative remedies with the IRS. (*Id.* 5:10–13). Here, the United States contends that Plaintiff has not exhausted his administrative remedies such that there is a waiver of sovereign immunity by the United States, and thus his Complaint must be dismissed. (*Id.* 5:14–22).

Though Plaintiff does not cite to any provisions of the Internal Revenue Code that would allow his claim to be brought in this Court, the Court liberally construes his Complaint as an attempt to bring a civil action for a refund pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346.

Under 28 U.S.C. § 1346(a)(1), federal district courts can hear "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1); *see also Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996) ("Title 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States to permit suit in the United States District Courts for the recovery of taxes which have been erroneously collected."). But "despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *Dunn & Black*, 492 F.3d at 1089 (quoting *U.S. v. Dalm*, 494 U.S. 596, 601 (1990)). Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. *U.S. v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008); 26 U.S.C. § 7422(a). More specifically, the taxpayer must file a claim for refund that "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the [IRS of the basis]." 26 C.F.R. § 301.6402-2(b). "If a person neglects to file an administrative claim as required by § 7422(a), that person has failed to satisfy a necessary condition of the waiver of sovereign immunity under § 1346(a)(1), and . . . the district court is necessarily divested of jurisdiction over the action." *Id*.

Plaintiff has not alleged that he filed an administrative claim before the IRS or filed such a claim pursuant to 26 U.S.C. § 7422(a). (*See generally* Compl.). The United States attaches a declaration stating that IRS records indicate that Plaintiff has not in fact filed such a claim. (Alvarado Decl. ¶ 5, Ex. A to Mot. Dismiss, ECF No. 7-2). Because the United States relies on extrinsic evidence, Plaintiff must respond by presenting affidavits or other evidence necessary to satisfy his burden of establishing that the court does have subject matter jurisdiction. *See Colwell*, 558 F.3d at 1121. Because Plaintiff's response contains no evidence demonstrating

that he did file an administrative claim prior to filing this claim in federal court, he has failed to meet a necessary requirement for the waiver of sovereign immunity. Thus, this Court does not have subject matter jurisdiction over this action. *See Dunn & Black*, 492 F.3d at 1089. Accordingly, the Court GRANTS the United States' Motion to Dismiss. The Court dismisses the case without leave to amend because it finds that amendment would be futile.

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 7), is **GRANTED.**

**IT IS FURTHER ORDERED** that the Complaint (ECF No.1) is **DISMISSED** without leave to amend.

The Court kindly directs the Clerk of Court to close the case.

**DATED** this __10__ day of February, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT